IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROGER A. BREUER                                                                         PLAINTIFF

vs.                                            Civil No. 3:16-cv-03068

NANCY A. BERRYHILL                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Roger A. Breuer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on April 25, 2013 (DIB) and on May 6, 2013 (SSI). (Tr. 10). Plaintiff alleges he is disabled due to epilepsy, depression, pain disorder, mild scoliosis, "disorder of written expression," and borderline personality disorder. (Tr. 265). Plaintiff alleges an onset date of November 11, 2011. (Tr. 10). These applications were denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

again upon reconsideration. (Tr. 108-111).

Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 197-222). Plaintiff's administrative hearing was held on April 15, 2014 in Harrison, Arkansas. (Tr. 28-53). Plaintiff was present and was represented by Frederick Spencer at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c)(2008) (SSI). (Tr. 35). As for his education, Plaintiff also testified at this hearing that he had obtained his GED. (Tr. 35).

On April 2, 2015, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 7-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 11, 2011, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: epilepsy, mild scoliosis, pain disorder, borderline personality disorder, and major depressive disorder (recurrent, moderate). (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. *Id.* Second, the ALJ reviewed all the

2

evidence in the record and hearing testimony and determined Plaintiff's RFC. *Id.* Specifically, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant must avoid all exposure to hazards including moving machinery and unprotected heights. He is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, few variables and little judgment. Supervision required is simple, direct and concrete.

*Id.*

The ALJ then considered Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 10).

The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following three representative occupations: (1) dishwasher (medium, unskilled) with 1,200 such jobs in Arkansas and 188,800 such jobs in the nation; (2) machine tender (light, unskilled) with 2,700 such jobs in Arkansas and 267,000 such jobs in the nation; and (3) inspector (light, unskilled) with 800 such jobs in Arkansas and 63,000 such jobs in the nation. (Tr. 21). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 11, 2011 (alleged onset date) through April 2, 2015 (ALJ's decision date). (Tr. 22, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable decision. On April 18, 2016, the Appeals Council denied this request. On June 8, 2016, Plaintiff filed the present

3

appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 8, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

With his appeal, Plaintiff raises only one argument for reversal: the ALJ's RFC determination is unsupported by substantial evidence because "it fails to properly give the weight that it should be afforded to the only treating or examining physician to give an opinion on the claimant's ability to work, Dr. Shannon Brownfield." ECF No. 10 at 1-13. Upon review of this argument, this Court finds the ALJ's RFC determination as to Plaintiff's physical limitations is not supported by substantial evidence. Thus, this case must be reversed and remanded.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). This Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ did err in evaluating Plaintiff's RFC because the ALJ's RFC assessment was not supported by "some medical evidence" as required by *Lauer.* Indeed, in his disability applications, Plaintiff alleged suffering from a number of different physical impairments, including epilepsy, pain disorder, and mild scoliosis. (Tr. 265). The ALJ found those physical impairments were severe. (Tr. 12, Finding 12). Furthermore, the ALJ found Plaintiff was limited to medium work and had to avoid "all exposure to hazards including moving machinery and unprotected heights" due to these impairments. (Tr. 14-20, Finding 5).

Despite finding this physical limitations, however, the ALJ supplied *no medical basis* for

them. The ALJ disregarded the findings of the only examining physician, Dr. Shannon Brownfield, M.D. (Tr. 19). Also, the state agency medical examiners determined there was "insufficient evidence to rate the claimant's physical impairments." (Tr. 19). Accordingly, based upon this information, the Court holds the ALJ has supplied no medical basis for his findings regarding Plaintiff's physical limitations, and Plaintiff's case must be reversed and remanded for further consideration of Plaintiff's RFC and physical limitations.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE